IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| SUSANNA CRUZ, ) | No. C 06-6761 MJJ (PR) |
| ) | |
| Petitioner, ) | **ORDER OF DISMISSAL** |
| ) | |
| v. ) | |
| ) | |
| UNITED STATES OF ) | |
| AMERICA, ) | |
| ) | |
| Respondents. ) | |

_____

Petitioner, a federal prisoner currently incarcerated at the Federal Correctional Institution Dublin and proceeding pro se, filed the above-titled petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. She challenges the failure of prison officials to calculate and provide her with all of the good time credits to which she is entitled under 18 U.S.C. § 3624(b).

**DISCUSSION**

A.   Standard of Review

A district court may entertain a petition for a writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that she is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); Rose v. Hodges, 423 U.S. 19, 21 (1975). The court shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28

1 U.S.C. § 2243. Summary dismissal is appropriate where the allegations in the petition are
2 vague or conclusory, palpably incredible, or patently frivolous or false. See Hendricks v.
3 Vasquez, 908 F.2d 490, 491 (9th Cir. 1990) (quoting Blackledge v. Allison, 431 U.S. 63, 75-
4 76 (1977)).

B. Legal Claims

In 1995, in the United States District Court in the District of Alaska, petitioner was sentenced to 168 months in prison for various drug offenses. Petitioner claims that she has been provided with only 47 days of good time credit per year under Bureau of Prisons Policy, and she is actually entitled to 54 days per year under 18 U.S.C. § 3264(b). Section 3624(b)(1) states that a prisoner who is serving a sentence of more than one year, but less than life, "may receive up to fifty-four days at the end of each year of the prisoner's term of imprisonment, beginning at the end of the first year of the term." Pursuant to Bureau of Prisons regulations, in the last year of service, she and other prisoners receive a prorated amount of the 54 good time credits based on the amount of the final year actually served. Petitioner argues that she should receive 54 good time credits during her final year. The Ninth Circuit has rejected petitioner's argument. See Pacheco-Camacho v. Hood, 272 F.3d 1266, 1270 (9th Cir. 2001) (holding section 3624(b) is ambiguous and BOP regulation interpreting that section is permissible and entitled to deference). Accordingly, petitioner is not entitled to habeas relief on this claim.

**CONCLUSION**

In light of the foregoing, the petition for a writ of habeas corpus is hereby DISMISSED for failure to present a basis for federal habeas relief.

The Clerk shall close the file.

IT IS SO ORDERED.

DATED:     3/30/2007

_____
MARTIN J. JENKINS
United States District Judge